SUMMONS ISSUED

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

------------------------------------------------------x

WESLEY EVANS MARTIN,                          :

             Plaintiff(s),   :

   -against-                                  :

The COUNTY OF SUFFOLK, and the        :

SUFFOLK COUNTY POLICE DEPT.,           :
and the TOWNSHIP OF ISLIP,  and         :
SGT. GEORGE E. HODGE, III, P.O.          :
CHRISTOPHER VERWYS  (Sh #5459),    :
LT. JAMES M. FIEL,  &  MR. JOSEPH     :
MANDANISI,  MR. JOHN SCIMECA,         :
AMIEE PRESS, DENNIS McHUGH, &        :
JOSHUA S. SHAPIRO, and THOMAS J.    :
SPOTA, III.,  all named individuals in      :
their capacities as both State Actors and   :
also in their Individual Capacities,          :
          Defendant(s).   :

------------------------------------------------------x

CV-13 2104

CV 13 - __ __ __ __

**VERIFIED COMPLAINT**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★  APR 10 2013  ★

LONG ISLAND OFFICE

JURY TRIAL DEMANDED

HURLEY, J

WALL, M.

      The Plaintiff, WESLEY EVANS MARTIN, brings this action to redress the

violation of his civil rights under the Constitution and Laws of the United States and of the

State of New York, and complaining of the Defendant(s) COUNTY OF SUFFOLK, et al, does

allege and swear, and depose and state, upon personal knowledge, and upon information and

belief, and upon penalty of perjury, the truth of the following ;

### JURISDICTION AND VENUE

      1.  This is an action brought pursuant to 42 U.S.C. Section 1983 to redress the

deprivation under color of statute, ordinance, regulation, custom or usage of rights, privileges and

immunities secured to the Plaintiff by the First, Fourth, Fifth, and Fourteenth Amendment(s) to

- 01 -

the Constitution of the United States of America; namely, the right to :

   (a) free speech and assembly;

   (b) the right to freedom from coercion , intimidation and illegal arrest and illegal prosecution, false arrest, and selective prosecution ;

   (c) the right to full and undiminished liberty rights and of free association rights.

2. Jurisdiction is conferred on this Court by 28 U.S.C. Section 1343 (3) which confers original jurisdiction on Federal District Court(s) in suits to redress the deprivation of rights, privileges and immunities as stated in paragraph 1 hereof.

3. The Plaintiff invokes the supplemental jurisdiction of this Court concerning the State claim(s) of Wesley Evans Martin as set forth herein, and the jurisdiction of this Court is invoked under 28 U.S.C. Section 1331, the amount being in excess of $ 100,000.00 on each claim.

4. The Plaintiff demands a Trial by Jury.

## P A R T I E S

5. That, **at** all times herein alleged, the Plaintiff is and was a citizen of the United States of America and also a resident of the County of Suffolk, and State of New York. Plaintiff has standing to bring an action pursuant to 42 U.S.C. Section 1983.

6. That at all times herein relevant the COUNTY OF SUFFOLK was and is within the County of Suffolk, within the State of New York, and within the territory of the United States of America and the Eastern District of New York.

- 02 -

7. That at all times herein relevant, the SUFFOLK COUNTY POLICE DEPARTMENT was and is a lawfully constituted certificated law enforcement entity promulgated and organized under the authorities delegated to the COUNTY OF SUFFOLK under the NYS Municipal Home Rule Law, the NYS Public Authorities Law, and the Suffolk County Charter, and as such is a sub-division and department over which authority and control and financing is delegated and granted from said COUNTY OF SUFFOLK, and was and is a Department within the municipal corporation of the COUNTY OF SUFFOLK, and as such is the department of which defendants Police Officers Christopher Verwys, Sgt. George E. Hodge, III, and Lt. James M. Fiel, are each members and employees and/or law enforcement agents.

8. That at all times herein relevant, named defendants Police Officer(s) CHRISTOPHER VERWYS (Shield Number 5459) , Sergeant GEORGE E. HODGE, III, and Lieutenant JAMES M. FIEL, are and were police officers employed by the SUFFOLK COUNTY POLICE DEPARTMENT, and are in that capacity State Actors.

9. That at all times relevant, the TOWNSHIP OF ISLIP, is a municipal corporation duly organized and existing under the laws of the State of New York, and as such is the entity in which defendants JOSEPH MANDANISI, JOHN SCHIMECA, AMIEE PRESS, and DENNIS McHUGH, were employed, each and all in the Department of Code Enforcement thereof.

10. That at all times herein relevant, defendant JOSEPH MANDANISI, domiciled at #1 Katherine Place, Oakdale, New York 11769, JOHN SCHIMECA, domiciled at #34 Colton Street, Sayville, New York 11782, AMIEE PRESS, and DENNIS McHUGH, were

- 03 -

each employed in the Department of Code Enforcement of the defendant TOWNSHIP OF ISLIP in the capacities of Deputy Commissioner and of Commissioner, and of Town Investigators, respectively, and are in those capacities each State Actors.

11. That at all times herein relevant, defendant JOSHUA SETH SHAPIRO, domiciled within the County of Suffolk, was employed by the COUNTY OF SUFFOLK, in the capacity of Assistant District Attorney associated with the office(s) of the Suffolk County District Attorney THOMAS J. SPOTA, III, ESQ., domiciled in Mount Sinai, New York 11766, and was or is in that capacity a State Actor. [Mr. Shapiro is presently domiciled and employed in the Broome County District Attorney's Office in the City of Binghamton, New York].

12. That, to the extent that the individual persons named as defendants herein are found to have or did act individually or in concert with others or each other to deprive complainant of his constitutional rights or civil rights or whose actions did otherwise injure or inflict damages to plaintiff, said persons are sued herein not only in their official capacities, but also to the extent that their actions are found to have been taken outside the limits of their official public capacities, they are sued herein in their individual capacities as well.

### AS AND FOR A FIRST CAUSE OF ACTION PURSUANT TO 42 U.S.C. SECTION 1983 AGAINST ALL THE DEFENDANTS FOR THE VIOLATION OF THE CONSTITUTIONALLY GUARANTTED RIGHTS OF THE PLAINTIFF WESLEY EVANS MARTIN

13. That at all times herein relevant, the defendant GEORGE E. HODGE, III, was a member of the Defendant Suffolk County Police Department and employee of said department

- 04 -

of Defendant County of Suffolk, of the Third Precinct thereof located at Fifth Avenue, Bay Shore, New York, with the rank of Sergeant thereof, and he acted as an agent of the COUNTY OF SUFFOLK and of the SUFFOLK COUNTY POLICE DEPARTMENT when he committed the acts alleged herein-below.

14. That at all times relevant, the defendant CHRISTOPHER VERWYS (Shield No. 5459) was a member of the defendant Suffolk County Police Department and employee of that Department of defendant County of Suffolk, of the Third Precinct thereof located at Fifth Avenue Bay Shore, New York 11706, with the rank of Police Officer, and he acted as an agent of the COUNTY OF SUFFOLK and of the SUFFOLK COUNTY POLICE DEPARTMENT when he committed the acts alleged herein-below.

15. That at all time relevant, the defendant LT. JAMES M. FIEL, domiciled at #77 Farm Road East, Wading River, New York 11792, was a member of the defendant Suffolk County Police Department of defendant County of Suffolk, at the Yaphank Road Headquarters of said Police Department, in the Internal Affairs Bureau thereof, with the rank of Lieutenant, and he acted as an agent of the COUNTY OF SUFFOLK and of the SUFFOLK COUNTY POLICE DEPARTMENT when he committed the acts alleged herein-below;

16. That at all times relevant to this complaint, JOSEPH MANDANISI, was an employee of the TOWNSHIP OF ISLIP, with the title of Deputy Commissioner of the Department of Code Enforcement, and he acted as an agent of the TOWNSHIP OF ISLIP when he committed the acts alleged herein-below.

- 05 -

17. That at all times relevant to this complaint, JOHN SCHIMECA was an employee of the TOWNSHIP OF ISLIP, with the title of Commissioner of the Department of Code Enforcement, and he acted as an agent of the TOWNSHIP OF ISLIP when he committed the acts alleged herein-below.

18. That at all time relevant to this complaint, AMIEE PRESS and DENNIS McHUGH were employee(s) of the TOWNSHIP OF ISLIP, with the title of Town Investigator in the Department of Code Enforcement and/or Department of Law, and they acted as agents of the defendant TOWNSHIP OF ISLIP when they committed the acts alleged herein-below;

19. That at all times relevant to this complaint, both JOSHUA SETH SHAPIRO and THOMAS J. SPOTA, III, ESQ., were employee(s) of the COUNTY OF SUFFOLK, with the title of Assistant District Attorney of the County of Suffolk, and District Attorney of the County of Suffolk, respectively, and they acted as agents of the COUNTY OF SUFFOLK, when they committed the acts alleged herein-below. [Mr. Joshua Seth Shapiro himself is presently domiciled within the territory of BROOME COUNTY, New York, in or about the City of Binghamton, thereof]; Mr. Spota is currently domiciled in Mt. Sinai, New York 11766;

20. That at all times relevant to this complaint, defendant(s) SGT. GEORGE E. HODGE, III, P.O. CHRISTOPHER VERWYS, LT. JAMES M. FIEL, JOSEPH MANDANISI, JOHN SCHIMECA, AMIEE PRESS, DENNIS McHUGH, and JOSHUA SETH SHAPIRO, & THOMAS J. SPOTA, III., ESQ., acted separately and in concert with others, or with each other, under color and pretense of law, to wit: under color of statutes, ordinance, regulations, customs

- 06 -

and usages of the State of New York and the County of Suffolk and the Township of Islip.

21. That as members of the SUFFOLK COUNTY POLICE DEPARTMENT and as employees of the COUNTY OF SUFFOLK, defendants SGT. GEORGE E. HODGE, III, P.O. CHRISTOPHER VERWYS, and LT. JAMES M. FIEL, each and all were agents of defendants COUNTY OF SUFFOLK and the SUFFOLK COUNTY POLICE DEPARTMENT *and were each acting in their official capacities when they committed the acts herein alleged.*

22. That as appointed officials of the TOWNSHIP OF ISLIP, defendants JOSEPH MANDANISI and JOHN SCHIMECA, AMIEE PRESS and DENNIS McHUGH were each and all agents of the TOWNSHIP OF ISLIP *and were each acting in their official capacities when they committed the acts herein alleged.*

23. That as an associate of the Suffolk County District Attorney, and an employee of the COUNTY OF SUFFOLK, defendant JOSHUA SETH SHAPIRO was an agent of the COUNTY OF SUFFOLK and was an also an INTERN in said District Attorney's office *and was acting in his official capacity when he committed the acts herein-below alleged.*

24. That, as the District Attorney of the County of Suffolk, and an employee of the COUNTY OF SUFFOLK, defendant THOMAS J. SPOTA, III, ESQ., was an agent of the COUNTY OF SUFFOLK *and was acting in his official capacity when he committed the acts herein-below alleged.*

25. On or about *Thursday, July 22nd, 2004,* a *Notice of Claim* pursuant to the NYS

- 07 -

General Municipal Law, Section 50-H, was served upon the County of Suffolk, and also upon the

General Municipal Law, Section 50-H, was served upon the County of Suffolk, and also upon the Township of Islip, and an adjustment or payment of the Plaintiff's claim thereunder has been neglected or refused. More than thirty days have elapsed since the service of said Notice of Claim. That service of said Notice of Claim did, however, precipitate an Internal Affairs Bureau investigation by the defendant Suffolk County Police Department, (Case #04-102), which was conducted by an agent and employee of the said Suffolk County Police Department, defendant Lieut. James M. Feil;  [said Notice is annexed hereto as  *Exhibit "B"*, and made a  part hereof];

26. On or about *Monday, June 18th, 2012,*  a  *__Notice of Claim__*  pursuant to the NYS General Municipal Law, Section 50-H, was served upon the County of Suffolk, and also upon the Township of Islip; and an adjustment or payment of the Plaintiff's claim thereunder has been neglected or refused. More than thirty days have elapsed since the service of said Notice of Claim. Both said Notice(s) of Claim comprise the nearly identical document content. *[please see again, Exhibit "B"]*;   A conformed true copy of an Order & Judgment & Decision from the New York State Supreme Court, Appellate Term for the 9th & 10th Judicial Districts, entered  on Monday, April 16th, 2012, upon *Appeal Number 2009-2563 S CR,*  (reversing the conviction of your plaintiff upon a jury verdict entered on Friday, November 20th, 2009),  together with a  Notice of Entry thereof, was also served upon the County of Suffolk and of the Township of Islip;

27.  That, the claimant, complainant herein, has performed all tasks and duties required under New York State Law (Municipal Law §50-H thereof), inclusive of attendance at the required "50-H" Hearing(s), at the Office of the Suffolk County Attorney, in particular, at the third adjourned date of Friday, September 14th, 2012, so as to preserve said claimants options to

- 08 -

proceed with damages litigation in New York State Supreme Court(s) if and as elected to so do; In light of the current action brought in the United States District Court, your claimant has opted not to proceed in New York State Supreme Court nor in the New York State Court of Claims;

28. Upon information and belief, Defendant GEORGE E. HODGE, III, is a resident of the County of Suffolk and of the State of New York, and is domiciled at #12 Acorn Path, East Quogue, New York 11942. [....end portion 9/13/2012, to be resumed....];

**29.** That upon the personal knowledge of your deponent, and as further documented in the **case docket** in the criminal court located at First District Court at Central Islip, Suffolk County, New York, numbered **2003-SU-039671,** deponent was, upon the instruction of State Actor Suffolk County Police Sergeant DEFENDANT GEORGE E. HODGE, III, physically seized into custody by State Actor Suffolk County Police Officer DEFENDANT CHRISTOPHER VERWYS (Shield #5459), pushed to the concrete sidewalk at the incident location, handcuffed behind his back, and thereafter placed in a marked police vehicle and taken to the Suffolk County Police Station Third Precinct on Fifth Avenue, Bay Shore, New York; the incident location being in front of a storefront building on the east side of Fifth Avenue, just south of Garfield Street, Bay Shore, New York 11706; Said arrest occurred on the morning of Friday, July 25th, 2003;

30. That, your deponent, so seized into custody upon the voice command of State Actor DEFENDANT GEORGE E. HODGE, III, [stating his instruction to his sub-ordinate State Actor DEFENDANT CHRISTOPHER VERWYS] : *"... **Lock him up .... OGA ....**"* was so seized in conjunction with and in complicity with the intervention and involvement of State Actor

DEFENDANT JOSEPH MANDANISI, each of them there personally present at that time and place of the incident location, that place being 125 Fifth Avenue, Bay Shore, New York 11706; and of which intervention and involvement, was memorialized in the sworn statement of the DEFENDANT JOSEPH MANDANISI, dated January 18th, 2005, wherein he states: *"....I advised Sgt. Hodge as to who Mr. Martin was, and instructed the investigators not to talk to Mr. Martin....";* said sworn statement being part of the IAB Investigation File (Case #04-102) presently under the control and custody of the DEFENDANT SUFFOLK COUNTY POLICE DEPARTMENT;

31. That the said incident and unlawful treatment of your deponent took place at the herein-above stated Bay Shore location, shortly following the arrival thereat of your deponent, who was called to this location by the property owner/landlord MRS. ROSANNA REILLY, who had barricaded herself within the premises at that location to avoid being served with several Appearance Tickets issued by State Actors DEFENDANT AMIEE PRESS and DENNIS McHUGH (two Town Investigators employed by DEFENDANT TOWNSHIP OF ISLIP);

32. That the above-described actions of the several named party DEFENDANTS set in motion the prosecution of lengthy criminal proceedings in the First District Court of Suffolk County, which transpired in the JOHN P. COHALAN, JR. SUFFOLK COUNTY CRIMINAL COURTS COMPLEX located at 400 Carleton Avenue, Central Islip, New York 11722, and of which criminal proceedings re-commenced at an arraignment part of said Court, on Thursday, September 18th, 2003, and continued throughout in excess of SIX CALENDAR YEARS, through a trial by jury and then verdict, and thereafter sentencing on Thursday, December 3rd, 2009;

- 10 -

An Appeal to the Appellate Term for the 9th & 10th Judicial Districts of the Appellate Division, Second Department thereof, was perfected by your deponent on Friday, April 1st, 2011, and an Oral Argument was conducted on Thursday, March 22nd, 2012, in Mineola, New York, with the decision and order of that same Court entered on Monday, April 16th, 2012, and upon which Order "...the judgment of conviction is reversed on the law, and the accusatory instrument dismissed....";

33. That the above described events and proceedings involved in excess of ONE-HUNDRED Court Appearances, over 20 motions, a jury trial, and an Appeal of the conviction, and a further motion battle with the named DEFENDANT THOMAS E. SPOTA, III, ESQ., whose office, in dis-satisfaction with the unanimous decision of the Appellate Term Court, submitted a further motion to re-argue the reversal of the conviction, and of which motion was summarily denied by the Appellate Term Court. [see motion inventory annexed as *Exhibit "C"*];

34. That the above described events and proceedings did inflict substantial damages, injuries, emotional distress, monetary expenses, including legal fees, lost time, loss of income, public embarrassment, and other damages for which each and every named DEFENDANT in the within action must be held accountable, and does indeed owe to your deponent, as a direct and proximate causation from false arrest, malicious prosecution, selective prosecution, entering a conspiracy to create a false arrest, false imprisonment, false and unlawful prosecution, lack of trial and subject matter jurisdiction, and/or so done or performed upon or against your deponent knowingly, willingly, recklessly, wantonly, intentionally, and/or negligently, in total disregard of the protections and lawful constraints and constitutional prohibitions against such actions and behaviors targeted upon your deponent, in reckless disregard of the civil rights and protections as

- 11 -

guaranteed by the NEW YORK STATE CONSTITUTION as well as of the UNITED STATES CONSTITUTION, [Amendment(s) 1, 4, 5, 14, et seq.];

34-a.  That, the defendant municipal corporations and any departments or sub-divisions thereof, have caused the bureaucratic mechanisms of criminal prosecution to be set in motion as against and to the damage and injury of plaintiff, unlawfully, un-constitutionally, and additionally criminally, in failing and refusing to monitor, control, discipline or otherwise impose proper and lawful behavior within the ranks of their respective employees, particularly each and all of the individual defendants named herein, and which in the case of two particular employees, being JOSEPH MANDANISI (who was, incidently, un-ceremonially terminated from his Town of Islip employment, ... and more recently was re-hired in a less responsible capacity), and  GEORGE E. HODGE, III, (who has demonstrated a pattern of abusive and unlawful conduct as a police officer, resulting in several Federal lawsuits against defendant COUNTY OF SUFFOLK );

## **PRELIMINARY STATEMENT**

THAT YOUR DEPONENT WISHES TO RESPECTFULLY ADVISE  THE READER(S)  AND THE FINDER(S) OF FACT  IN THIS ACTION PRESENTLY BEFORE THIS  UNITED STATES DISTRICT COURT,  OF MY PROFOUND GRATITUDE AND APPRECIATION TO  ***THE NEW YORK STATE APPELLATE TERM COURT'S***  INSIGHT AND  ***DELIVERY OF JUSTICE***  AS SET FORTH  IN  ITS' DECISION REVERSING THE NOVEMBER 20th, 2009  CONVICTION, OF WHICH DECISION  EXPRESSLY DEALT WITH THE BRIEF 20 SECOND PERIOD  IMMEDIATELY PROCEEDING YOUR DEPONENT'S JULY 25th, 2003 ARREST.  IT IS THAT ARREST, FALSELY, UNLAWFULLY, AND UNCONSTITUTIONALLY  MADE, WHICH COMMENCED THE NINE-YEARS OF PROCEEDINGS  ORCHESTRATED BY THE SUFFOLK COUNTY DISTRICT ATTORNEY IN SPARING NO (TAXPAYER-PAID) EXPENSE  TO SEEK, SECURE AND MAINTAIN A CONVICTION OF YOUR DEPONENT, AND NOTWITHSTANDING ANY CLAIMS OF IMMUNITY TO WHICH CERTAIN NAMED DEFENDANT STATE ACTORS MAY ASSERT

AS DUE OR OWING TO THEMSELVES, YOUR DEPONENT, IN DRAFTING THE WITHIN COMPLAINT, INCLUDES NOT MERELY A "SHORTHAND" VERSION OF THE FACTS, COMMON IN SUCH ACTIONS, BUT OF PERSONAL NECESSITY INCLUDES A DEGREE OF DETAIL, SUPPORTED BY THE FOREGOING RECORD IN THE COURTS BELOW, SO AS TO ESTABLISH AN IRREFUTABLE RECORD IN *THIS* EXACT COURT, SO AS NOT ONLY TO INFORM THIS VENUE OF HOW THIS DEPONENT HAS BEEN TREATED, BUT THAT SUCH PROCESSES ARE INFLICTED UPON NUMEROUS OTHER INDIVIDUALS, AND THAT THIS MATTER IS BROUGHT NOT MERELY TO RECOVER ACTUAL INJURIES AND DAMAGES, BUT TO ASSURE THAT WITHIN *THIS* FORUM, ***ACTUAL REMEDIAL AUTHORITY*** MAY BE IMPOSED UPON THE PROCESS AND THE ACTORS WHO IN THEIR VARIOUS CAPACITIES ARE FOUND TO HAVE ABUSED THEIR LAWFUL AUTHORITIES AND THUS MAY BE DEALT WITH ACCORDINGLY BY THIS COURT.

### AS AND FOR A SECOND CAUSE OF ACTION VIOLATION OF THE STATUTORY RIGHTS OF THE PLAINTIFF BY EACH AND ALL OF THE NAMED DEFENDANT PARTIES

35.  That your deponent does re-state, re-affirm and repeat each and all of the contents of this complaint as set forth in ¶'s numbered 1 through 33 herein-above as if set forth herein at length, in support of the reliefs demanded and prayed for in this complaint;

36.  That each and all of the named defendants in the instant action have engaged in a course of conduct either individually, or in concert with each other, to deprive complainant of his civil rights as guaranteed to him under the New York State Constitution, and the Laws of the State of New York, by falsely arresting the complainant, conspiring to falsely arrest the complainant, unlawfully prosecuting the complainant, depriving complainant of his liberty rights, and rights of free association, free speech, compelling the expenditure of substantial monetary and time resources in the prolonged defense against the unlawful criminal prosecution, systematically and knowingly engaging in the unlawful withholding of "Rosario" materials,

- 13 -

secreting of exculpatory witness(es) and thus violating complainant's constitutionally guaranteed rights to present testimony at trial of a "Brady" witness, knowingly and intentionally violating their respective oaths of office and ignoring their lawful obligations in the bringing and maintaining of an unlawful prosecution, and demonstrating gross negligence (intentionally or un-intentionally) in the bringing of and maintenance of a criminal action against the complainant which was ultimately determined to be unlawful by a unanimous decision of the Appellate Term Court (copy of said Court's decision reversing conviction attached for reference as **Exhibit "A"**);

37.   That, DEFENDANT GEORGE E. HODGE, III,  ordered and caused the arrest of your deponent on or about 11:00 a.m. of the morning of Friday, July 25th, 2003, on a charge of Obstruction of Governmental Administration 2° alleging violation of NYS Penal Law §195.05, as set forth further in the fore-going paragraphs numbered 28, 29, and 30; said  DEFENDANT GEORGE E. HODGE, III,  a Suffolk County Police Sergeant, currently domiciled as set forth in this complaint at ¶27  herein-above, was previously domiciled at 304 Half Mile Road, Central Islip, New York 11722, together with his sister, Cynthia, and their parents Mr. and Mrs. George E. Hodge, Jr., diagonally across the street from  285 Half Mile Road, Central Islip, New York 11722, the former long-time residence of your deponent;

38.   That, during the course of preparing for the defense of the criminal case in the Suffolk County District Court, an investigation was conducted during the summer of 2005, regarding any actions and proceedings brought in the various courts against  DEFENDANT GEORGE E. HODGE, III, made at the prompting of Attorney Emeritus Arthur V. Graseck, Jr. Esq., and said investigation revealed not less than Four actions involving said  DEFENDANT,

- 14 -

and in conjunction with the preparation of a Motion for an ***in camera* inspection** of the personnel

file of said defendant, made at the prompting of Attorney Richard W. Young, Sr., Esq., orders

were placed with the United States National Archives in Lee's Summit, Missouri, for the actual

files of several of these actions;

In the Matter of KEITH NAVA - against - GEORGE E. HODGE, III, et ors, Indexed as CV 94-

0861, it was alleged that :

> ¶8 : "... At approximately 1:30 a.m. on July 18, 1993 at the Fifth County Police
> Precinct, which is and was located in Patchogue, New York, plaintiff was,
> without justification or excuse, subjected to unnecessary force by Officer Hodge.
> ¶9 : "... The abuse included several blows struck in the area of plaintiff's shoulder
> with a blunt object.
> ¶10 : "... The physical force was employed after defendant Hodge, at about 9:30
> p.m. on 7/17/93, had carelessly driven his police vehicle into a car which was being
> operated by plaintiff and was stationary in a left turn lane at the intersection of Depot
> Street and Railroad Avenue, in Sayville, New York.
> ¶11 : "... As a result of the accident, Officer Hodge accused plaintiff of driving while
> impaired and thereafter falsely reported that the latter had driven the vehicle he was
> operating into the police car, thereby causing the accident.
> ¶12 : "... Defendant Hodge, at about 1:45 a.m., on 7/18/93, after he had beaten
> plaintiff, blew into a tube, obtained a favorable reading on a breath alcohol test,
> attributed that result to plaintiff having performed the test and thereby facilitated
> the latter's release from custody.
> ¶13 : "... Officer Hodge, after having taken the breath test for plaintiff, said to
> him: "I'll wash your hands if you wash mine," advised him to remain silent
> about how the test result was obtained and explained: "I work in Sayville, you
> live in Sayville; if you mention this, I'll get you."
> ¶14 : "... About 3½ hours before plaintiff was physically abused, a Suffolk
> County police crime scene unit appeared at the scene of the above referred          GL2-22
> to accident but, contrary to established procedure, took no pictures relating
> thereto, in apparent recognition of the fact that taking such pictures would
> have documented the facts that defendant Hodge's negligence had contributed
> to the accident and that plaintiff did nothing to cause it.

> > from : "Factual Allegations" portion, Complaint
> > CV 94-0861, BARTELS, (dated : February 27, 1994)

- 15 -

In the Matter of FREDERICK G. PLANTZ - against - .... GEORGE E. HODGE, III, et ors,

Indexed as CV 90-3132, it was alleged that

¶07 : "... On or about September 12, 1989 at approximately 2:30 p.m. in the vicinity of Pinelawn Road, Huntington, County of Suffolk, State of New York, plaintiff, FREDERICK G. PLANTZ was lawfully present and standing on the side of the road near his motor vehicle and was suffering from a diabetic attack.
¶08 : "... At the aforesaid time, date and place, several members of the Police Department of the County of Suffolk including the individual defendants named herein, while acting in their individual capacity as police officers unlawfully placed said plaintiff under arrest for the crime of driving while intoxicated despite the fact that they knew or should have known that said plaintiff was not under the influence of alcohol but rather was suffering from his medical condition as a diabetic.
¶09 : "... In the course of placing said plaintiff under arrest and subsequent to placing him under arrest, in violation of said plaintiff's constitutional rights, and without reasonable or just cause repeatedly struck said plaintiff brutally about the head, face and body and otherwise used excessive force to affect said arrest.
¶10 : "... By virtue of these unlawful acts, said plaintiff was made to suffer and sustained injuries to his head, face, body and limbs as well as other injuries which are permanent and serious.
¶11 : "... In addition to physically striking and beating said plaintiff, defendants also violated his constitutional rights and acted unlawfully in failing and refusing to provide him with appropriate relief from his diabetic attack, and in unlawfully detaining him in jail and falsely and maliciously charging and prosecuting him for unfounded criminal violations.

¶17 : "... As a result of said violation of his constitutional rights, plaintiff, FREDERICK G. PLANTZ, suffered serious internal and external physical injuries including, but not limited to, multiple bruises, contusions, lacerations, loss of a tooth, kidney damage and other physical injuries, conscious pain and suffering, emotional harm, mental trauma and other injuries and was caused to suffer and incur bills for medical services and attorneys fees all of which has caused said plaintiff damages.

from : Complaint, CV 90-3132  WEXLER,
(Dated : September 7, 1990);

In the Matter of PABLO MORALES - against - GEORGE L. HODGE   CV 95-0689 WEXLER

- 16 -

Excerpt from Internal Affairs Bureau File #94-101

¶03 : "... Lt. Jehel's report concluded that the officer had acted improperly, and that your client's allegation of False Arrest be classified as Substantiated. Officer Hodge has been disciplined for his action.

Newsday, Long Island, N.Y. Mar 1, 1994. pg. 23 [Abstract, Document summary] :

There are two accounts of what happened after Fifth Precinct Officer George Hodge III pulled over [Pablo Morales] on Feb. 21, and despite a personal apology from the arresting officer, who is white, the incident has outraged a Hispanic officers' group because it believes Morales' ethnic background led Hodge to doubt him. The charges were dropped at the scene by a sergeant called in to clear up the mixup.

His identification card and the police jargon that Pablo Morales spouted one morning didn't stop a Suffolk policeman from arresting him for impersonating an officer.

A week later, Morales remains infuriated - he is a Suffolk police officer - and said he can't forget the image of his 4-year old son, his hands balled in fists, ready to fight the on-duty officer who arrested him.

" He never asked one measly question," said Morales, who works in Suffolk's Third Precinct. " He thought I wasn't a police officer, which could have been clarified with one or two questions. I was in shock, very infuriated, and I couldn't even speak."

38. That, as has been indicated, above, there have been not fewer than THREE separate actions filed in this United States District Court, alone, predicated upon clear, deliberate unlawful tortious, unauthorized conduct on the part of DEFENDANT GEORGE E. HODGE, III, visited and inflicted upon three separate, unrelated individuals, and these three actions were a direct and proximate reason for the grant, by the then assigned trial court Hon. Kevin J. Crowley, JDC, of an *in camera* inspection of the Suffolk County Police Department's personnel file of said DEFENDANT GEORGE E. HODGE, III, a file of in excess of 1000 pages, and the release there-

- 17 -

from of 14-pages, handed down from the bench directly from Judge Crowley unto the hand of

your deponent the complainant herein, and of which 14-pages contained therein, among other

items, the name of a secreted "BRADY" witness; [the said 14-pages remain to even date in the

possession and control of your complainant, available for review by anyone so requesting];

Said actions in this same Court were filed in 1990, 1994, and 1995, respectively. These do not

include cases which may have been filed in New York State Supreme Court, one of which was

an action for divorce, Index Number 008369/1989 : Hodge, Patricia M. vs Hodge, George E., III;

　　　　39.   That, as and for DEFENDANT JOSEPH MANDANISI, said individual, in his

official capacity as Deputy Commissioner of Code Enforcement for the DEFENDANT TOWN-

SHIP OF ISLIP, did proceed from his office, upon a  phone call from Town Investigator Dennis

McHugh, to the incident location, at 125 Fifth Avenue, Bay Shore, New York 11706, at or about

10:20 a.m. on Friday, July 25th, 2003, to deal with the situation at that location, whereat the

DEFENDANT JOSEPH MANDANISI, supervisor to Town Investigators Dennis McHugh and

Amiee Press, interacted with the members of the Suffolk County Police Department, including

DEFENDANTS CHRISTOPHER VERWYS and  GEORGE E. HODGE, III,  and that expressing

any dismay at the presence of a party known to each and all of them, carrying in his hand a camera

with which to record, to the extent desired, any and all of the Town and Police activity transpiring

at the incident location, and upon which conversations of this MANDANISI,  the DEFENDANTS

VERWYS and  HODGE proceeded to "clear the area"  of an unwanted intruder, standing, as he

was, on a public sidewalk directly in front of the building in which property owner Rosanna Reilly

had locked herself, to the total exclusion of either the Town agents or the Police officer(s), by the

- **18** -

arrest of your deponent on a "trumped up" charge of "Obstruction", the misdemeanor version of a "Dis-Con" ("Disorderly Conduct") violation-level criminal charge, all performed to unlawfully deprive your complainant of his constitutionally protected due process rights, free-association rights, free-speech rights, free assembly rights and liberty rights; Such actions plainly constitute a conspiracy to deprive your deponent, the complainant herein, of each and all of the rights which have been enumerated herein-above; the Appellate Term of the New York State Supreme Court unanimously determined, in its Order and Decision reversing conviction, that the July 25th, 2003 *arrest should never have taken place to begin with;*

40.   That, it was determined at trial, that DEFENDANT AMIEE PRESS actually signed three appearance tickets which DEFENDANT DENNIS McHUGH actually wrote up, which were destined to be served upon property owner Rosanna Reilly, and McHUGH was attempting to serve same upon property owner Rosanna Reilly, except he was un-able to do so, because said Rosanna Reilly retreated into her building and locked the door and then called the police herself (per 911 tapes offered into evidence at Huntley Hearing and at Trial) ; [ the said appearance tickets, or the "criminal summons" version of them, were eventually served on the corporate property owner (Rosanna Reilly & Michael Reilly), over Nine Months later, upon the New York State Secretary of State, in the City of Albany, New York, belying the supposed and contrived urgency of their service upon Rosanna Reilly at the property address in Bay Shore ];

41.   That, as and for DEFENDANT JOSHUA SETH SHAPIRO, said defendant was approximately the eighth or ninth Suffolk County Assistant District Attorney assigned to prosecute the underlying criminal case in the Suffolk County District Court, a convoluted process

which, beginning with the false arrest by DEFENDANT HODGE, on Friday, July 25th, 2003, and ending with sentencing after trial on Thursday, December 3rd, 2009,  taking a  total time period of 2324 (Two-Thousand, Three-Hundred Twenty-Four) days !!! [76¼ Months !!], which, with the Appeal process to the date of reversal added  [April 16th, 2012], (an additional time period of 864 days), plus District Attorneys Re-argument time, extending to the entry of  Denial of said Re-Argument Motion [August 2nd, 2012],  (an additional time period of 94 days), for  A <u>GRAND TOTAL OF **NINE YEARS** AND EIGHT DAYS</u> **of prosecutorial abuse of your deponent;**

## ***NINE YEARS & EIGHT DAYS OF PROSECUTORIAL ABUSE***

42.  That, said  DEFENDANT JOSHUA SETH SHAPIRO, an attorney admitted to the practice of law within the State of New York, and engaged, as he was, in public prosecution, has, upon his oath of office, a canonical and ethical and legal obligation under the NYS Judiciary Law to assure that "...guilt shall not escape nor innocense suffer..."; As a highly trained and extensively schooled legal professional, attending as he did, the University of Richmond School of Law, after taking, as all prospective law students do, the Law School Admission Test ("LSAT"), and passing an interstate and New York State Bar exam, and enduring the vetting process by the ethics board, and then being admitted to practice upon taking an oath of office administered in the ceremonial courtroom of the New York State Appellate Division at  45 Monroe Place, Brooklyn, New York, we would assume that said  DEFENDANT ATTORNEY JOSHUA SETH SHAPIRO  could read and  understand the contents of an Accusatory Instrument, and evaluate and analyze same to the precise extent that would enable him to recognize whether or not a sworn accusatory instrument rises to the level of legal sufficiency and contains each and all elements of the offense charged by

the accuser, and reasonably clear assertions on personal knowledge of the accuseds' commission

of each element of said charge alleged thereof; Mr. Shapiro failed miserably to do this simple

task. This conspicuous failure resulted in proceeding to a criminal trial which, per the Appellate

Term, never should have taken place at all, to the damage and injury of the complainant;

43. That, moreover, it should be noted here, that in the course and conduct of the

prosecution of your deponent, pre-trial motion practice and proceedings included a public

hearing, which is known in New York Criminal Practice as a "suppression" hearing, or also

more commonly known as "HUNTLEY HEARING"; such hearings, while not commonly done,

are also neither rare nor lengthy. The Huntley Hearing, granted as part of the reliefs moved-for in

deponent's "Omnibus" Motion, actually began in early June, 2005, and extended into September,

2005, a period of OVER FOUR MONTHS, inclusive of 17 non-successive sessions over that 4-

month period; As is common in such pre-trial Hearings, certain valuable information is secured

by the defense substantially prior to the actual trial; and so it was in the matter of PEOPLE-vs-

MARTIN; For example, the sworn statement of DEFENDANT JOSEPH MANDANISI from an

IAB (Internal Affairs Bureau) investigation was secured during said defendant's direct testimony

during this Huntley Hearing. The purpose of mentioning the pre-trial "Huntley" Hearing, is so

this Court, or otherwise the finder of facts, will be apprized of the fact that Defendant JOSHUA

SETH SHAPIRO did attend and observe the Huntley Hearing, as an "Intern" attached to and

employed by the office of the Suffolk County District Attorney; As such an Intern, working

closely with both Assistant District Attorneys Christopher Brocato and Martin Lorenzotti, who

were conducting and attending the Huntley Hearing, said SHAPIRO had direct and immediate

- 21 -

access to and among the prosecution files and paperwork associated with your deponents criminal case, and was, as witness to the "Huntley" proceedings, able to perform investigative and related analytical duties in that case; This investigative and "learning" process, as an intern, differs very substantially from his later duties as prosecuting ADA in the November 2009 Trial.

44. That, as observer and student and ***investigative intern,*** DEFENDANT SHAPIRO ***heard all the testimony and questioning*** *of each of the several witnesses* called to that hearing, and, together with his examination of the papers and files of the prosecutor, was amply able to make a thorough analysis of the quality and sufficiency of the totality of the action being prosecuted, well in advance of the time, years later, when he was "stuck" with the actual prosecution of that same case of which he previously attended, (*as an investigative intern*), the Huntley Hearing; It is in his capacity as an investigator where a liability is incurred in favor of your deponent, accruing as it does, upon the errors in judgment, investigative mistakes, discovery of exculpatory witnesses, and suppression of lawfully required evidence which was introduced not only at the Huntley Hearing, but also at Trial, conduct of which unlawfully prolonged an improper prosecution, but also resulted in an erroneous conviction for which a lengthy, costly and difficult appeal had to be made;

45. That, as and for DEFENDANT CHRISTOPHER VERWYS (Shield #5459), the record of the underlying case in the court(s) below explain in reasonable detail of the manner of said defendant's action(s). Said defendant was described in the pre-trial motion practice as the "processing" officer, that is, the police officer who placed your deponent into custody, as was described herein-above at ¶29, [upon the particular verbal order and instruction of his immediate

- 22-

supervisor  DEFENDANT [SGT.] GEORGE E. HODGE, III, described as the arresting officer];

It should be noted that DEFENDANT VERWYS, during the placement of the steel handcuffs,

while deponent was face-down on the concrete sidewalk, was repeatedly stating the words

"....don't resist,....don't resist..." in an emphatic manner, (although DEFENDANT VERWYS was

not shouting or yelling those words); Your deponent shall leave to this Court or the finder(s) of

fact to assess the degree of injury or damages to be attributed to the action(s) of said defendant;

46.   That, as and for DEFENDANT (LIEUT.) JAMES M. FIEL, said individual did

conduct an internal affairs bureau investigation subsequent to the filing of certain Notices of

Claim (in July of 2004, please refer back to ¶25 herein-above)  as against the Township of Islip

and the County of Suffolk;  this "IAB" (internal affairs bureau) investigation involved a review of

police department documents relating to the Friday July 25th, 2003, arrest of your deponent, and

also first person personal interviews conducted of not fewer than TWELVE INDIVIDUALS, and

included Town of Islip employees, County of Suffolk Police Department employees, and other

private individuals. Said defendant JAMES M. FIEL secured tape recordings as well as sworn

written statements from the various witnesses.  In his investigatory capacity said defendant FIEL

interviewed eyewitness(es) to the Friday, July 25th, 2003 arrest, including a witness standing

directly across the street from the "incident location" ; the statement secured from that witness

contradicted those of the police witnesses. This witness was therefore by definition a "Brady"

witness in the then ongoing criminal proceeding. This particular interview occurred, according to

defendant FIEL'S own summary, on February 10th, 2005,  fully 4½ YEARS before the trial; This

exculpatory ("Brady") witness was secreted and his identity with-held from the defense,

- 23 -

deliberately and intentionally or otherwise negligently, until his identity was made known to the defendant on January 29th, 2008, when, in the presence of the prosecuting attorney in the Court-room ("D-51"), a 14-page extract of the arresting officer's personnel file was personally handed over to your deponent by the then trial Court, Hon. Kevin J. Crowley, JDC  (which was at the very least, nearly THREE YEARS after the Suffolk County Police Department and in particular defendant JAMES M. FIEL, was fully aware of the existence of said exculpatory witness); 3-27

47.  That, said  DEFENDANT (LIEUT.) JAMES M. FIEL, upon the conclusion of his IAB investigation, placed or caused to be placed, copies of said  IAB report  into the personnel file(s) of each and all of the members and employees of the defendant SUFFOLK COUNTY POLICE DEPARTMENT who were interviewed in the course and conduct of said IAB invest-igation, and these members included  both defendant  P.O. CHRISTOPHER VERWYS (Shield #5459) as well as defendant SGT. GEORGE E. HODGE, III, and further, said DEFENDANT (LIEUT.) JAMES M. FIEL  telefax-ed, transmitted, mailed, or messenger-ed, or caused to be telefax-ed, transmitted, mailed, or messenger-ed, said IAB investigation reports and related documents, to the Suffolk County Attorney's office, and also to the Suffolk County District Attorney's Office, due to the on-going nature of the then criminal proceedings [upon which IAB investigation was conducted] still pending at that point in time;  Moreover, the fact that there was clearly set forth in said IAB report, an exculpatory witness, uncovered and interviewed in the course and conduct of that investigation, [[ and said report(s) having been placed in the personnel files of over six police officers interviewed, including two of the defendants named herein, and the sharing and transmitting of that information to defendant COUNTY OF SUFFOLK's County

- 24 -

Attorney, as well as to defendant COUNTY OF SUFFOLK's District Attorney defendant

THOMAS J. SPOTA, III, ESQ.,]]  and yet the discovery of the said exculpatory witness was

withheld  from the defense in the underlying criminal proceedings by each and all of the State

Actors named defendants herein-above, without regard to the statutory and constitutional

violations they imposed upon your complainant, nor to the potential effect upon the outcome of

the underlying criminal proceedings, nor to their own obstruction of justice which was the net

result of such withholding;  Moreover, as a result of the above-described actions and inactions of

the defendant parties, each in their own capacities, complainant has incurred damages and

injuries, costs and expenses;

47-a.  That, finally, a  pending action, Indexed in this same Court as CV-12-01770,

[DATZ-vs-MILTON], is annexed hereto and made a  part hereof at  *Exhibit "D"*, and each and

every allegation contained therein is re-alleged and re-sworn and re-stated  by your deponent to

the full extent that your deponent deems circumstances are applicable therein as herein;

### AS AND FOR DAMAGES AND INJURIES DUE AND  OWING AND CLAIMED FOR BY YOUR COMPLAINANT ON HIS FIRST CAUSE OF ACTION  : VIOLATIONS OF HIS  CONSTITUTIONALLY GUARANTEED [CIVIL] RIGHTS

48.  That, as and for compensatory damages due and owing to, and claimed  by your

complainant as against each and all and every named defendant individual, whether indemnified

or un-indemnified, and as against each named corporate defendant, to the full extent that a trier-

of-fact shall determine the validity of complainant's damages and injuries suffered as a result of

violations of claimant's constitutional rights and civil rights as set forth in detail herein-above at

¶'s 1, 2, 3, 12, 29, 30, and 32, et seq., and that such injuries and damages as were suffered by the

complainant for defendant's egregious and willful violations of complainant's civil rights as guaranteed him under both the United States Constitution (Bill of Rights), and the New York State Constitution, (and the New York State Civil Rights Laws), in amounts set forth in the Notice(s) of Claim, served upon the Municipal entity defendants named herein, as described in fore-going paragraphs numbered 25 & 26, but in any event in an aggregate against each municipality in a sum not less than $ 100,000.00, and in an aggregate against the Suffolk County Police Officers in a sum not less than $ 375,000.00, and in an aggregate against Islip Town employees of not less than $ 100,000.00 from each of the four named individuals, and in an aggregate against all other Suffolk County employees of not less than $ 100,000.00 from each of the two named individuals, together with punitive damages against each named defendant as lawfully assessable, in a sum to be determined by the trier-of-fact and/or the jury;

49. That, in further support of your complainant's claims for compensatory and/or punitive damages as outlined herein-above, your deponent does now repeat, re-allege, re-swear, and reaffirms each and all of the contents of this verified complaint, set forth in each and all of the foregoing paragraphs numbered "1" through "48" herein-above, as if set forth again herein at length, in support of said damage claims due and owing to your complainant;

## AS AND FOR DAMAGES AND INJURIES DUE AND OWING AND CLAIMED FOR BY YOUR COMPLAINANT ON HIS SECOND CAUSE OF ACTION : VIOLATIONS OF HIS STATUTORILY GUARANTEED RIGHTS

50. That, as and for compensatory damages due and owing, and claimed by your complainant as against each and all and every named individual defendant, whether indemnified or un-indemnified, and as against each named corporate defendant, to the full extent that a trier-

of-fact shall determine the validity of complainant's damages and injuries suffered as a result of violations of claimant's statutory rights and civil rights and protections as set forth in the record of the proceedings in the court(s) below, as well as in the verified complaint herein-above in the instant "1983" action, and that such injuries and damages as were suffered by your complainant for defendants' egregious, willful, wanton, knowing and intentional violations of complainant's statutory and civil rights as guaranteed him under New York State Law (NYS Civil Rights Law), in amounts as set forth in this verified complaint at ¶48 herein-above, except that such punitive damages be treble-damages in each category or class or group therein-above identified, or other-wise in an amount or in amounts to which a jury only may deem fair and just and proper;

### AS AND FOR THE ISSUE OF LEGAL REPRESENTATION OF THE PLAINTIFF THIS ACTION NOW BEFORE THIS UNITED STATES DISTRICT COURT

51. That the within "1983" action is intended to be filed initially, within the one-year limitation from receipt of the New York State Appellate Division's (Appellate Term) Order, dated (Entered) on Monday, April 16th, 2012, and received by First Class Mail the next day thereafter;

52. That, in the interest of cost-effectiveness, your deponent elects to effectuate this initial filing on paper only, and therefore said filing is being made pro-se;

53. That, in the course and conduct of the underlying criminal proceedings upon which this instant Civil Rights Action is based, your deponent was substantially assisted by the office(s) of Attorney Emeritus ARTHUR V. GRASECK, JR., ESQ., and so therefore, your deponent has consulted with and intends to retain said Counselor-at-Law to represent your complainant in this action shortly subsequent to the initial filing of this action, at the earliest practicable date.

- 27 -

**W H E R E F O R E , t h e n** , your deponent, the plaintiff herein, does respectfully request that this Court award compensatory damages, together with punitive damages, where it is lawfully permissible, as against each and all and every named defendant herein, in amounts as set forth in ¶'s numbered 48 and 50 herein-above, or otherwise in amounts which may be deemed just and fair and proper by a jury of claimant's peers, and that upon this courts determination of improper and unlawful conduct, defendant GEORGE E. HODGE, III,  be ordered terminated from employment from the Suffolk County Police Department, forthwith, and further that in the interim of pending determinations, the County of Suffolk be ordered, pendent lite, to refund bail money in the sum of  $200.00 USF which they have unlawfully withheld from complainant since the date of arraignment (September 18th, 2003) together with interest accruing thereon since that date, as well as fine money paid in the sum of $120.00 USF which they have unlawfully withheld from your complainant since Monday, April 16th, 2012, together with interest accruing thereon since that date.

Dated : Islip Terrace, New York 11752
W e d n e s d a y , April 10 th , 2 0 1 3

Respectfully submitted , . . . . . .

Wesley Evans-Martin, Plaintiff
Post Office Box 216,
Islip  Terrace, New York 11752
Telephone Number 631.948.5731

Original to : C l e r k  o f  t h e  C o u r t
United States District Court - Eastern District
of New York; Central Islip, New York 11722

Conformed copy to : Standby Counsel
Hon. Arthur V. Graseck, Jr., Esq.,
99 Meredith Lane, Oakdale, New York 11769
Telephone Number 631.513.3787

- 28 -

Conformed copies to  served upon
Defendants COUNTY OF SUFFOLK and
the SUFFOLK COUNTY POLICE DEPT.
c/o : The Suffolk County Attorney
D e n n i s  C.  B r o w n ,  E s q .,
H. Lee Dennison Building, Floor-5
100 Veteran's Memorial Highway,
Hauppauge, New York 11788-0099
Telephone : 631.853.4049

Conformed copy to be served upon
Defendant LIEUT, JAMES M. FIEL
77 Farm Road East,
Wading River, New York 11792
Telephone : 631.852.6922

Conformed copy to be served upon
Defendant SGT. GEORGE E. HODGE, III,
12 Acorn Path, East Quogue,
New York    1 1 9 4 2

Conformed copy to be served upon
Defendant P.O. CHRISTOPHER VERWYS
c/o SCPD Third Precinct Police Station
1630 Fifth Avenue, Bay Shore, NY 11706
Telephone : 631.854.8300

Conformed copy to be served upon
Defendant JOHN SCHIMECA
34 Colton Street, Sayville,
New York 11782

Courtesy copy to be delivered to
Hon. Arthur V. Graseck, Jr. Esq.,
99 Meredith Lane, Oakdale, NY

Courtesy copy to be delivered to
Hon. Kevin J. Crowley, JDC (Ret.)
115 Fairway Drive, Middle Island,
New York  1 1 9 5 3

Courtesy copy to be delivered to
Hon. Edward Stephen Raskin, Esq.,
2137 Deer Park Avenue, Floor-2,
Deer Park, New York  1 1 7 2 9        - 29 -

Conformed copy to be served upon
Defendant Hon. THOMAS J. SPOTA, III, ESQ.,
16 Little Harbor Road, P.O. Box 81,
Mount Sinai, New York 11766
Telephone : 631.853.4104

Conformed copy to be served upon
Defendant JOSHUA SETH SHAPIRO, ESQ.,
c/o Broome County District Attorney's Office
George Harvey Justice Building
45 Holly Street, Binghamton, New York 13322
Telephone : 607.778.2423

Conformed copy to be served upon
Defendant TOWNSHIP OF ISLIP
c/o Islip Town Clerk, Hon. Olga Murray, Esq.,
Islip Town Hall, 655 East Main Street,
Islip, New York 11751
Telephone : 631.224.5490

Conformed copy to be served upon
Defendant JOSEPH MANDANISI
1 Katherine Place, Oakdale, New York 11769
Telephone : 631.563.4451

Conformed copy to be served upon
Defendant AIMEE PRESS
11 Carlile Road, Center Moriches,
New York   1 1 9 3 4
Telephone : 631.287.1975

Conformed copy to be served upon
Defendant DENNIS McHUGH
296 Moriches Road, (Basement Apt.)
St. James, New York   1 1 7 8 0

Courtesy copy to be delivered to
Hon. John J. Toomey, Jr., JCC
Arthur M. Cromarty Criminal Courts
Building, 210 Center Drive, Riverhead,
New York 1 1 9 0 1

Courtesy copy to be delivered to
Hon. Francis P. Murphy, Esq.,
32 Bohack Court, Sayville, N.Y. 11782

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------x

WESLEY EVANS MARTIN,                                    :

                              Plaintiff(s),   :    CV 13 - __ __ __ __

        - a g a i n s t -                     :
                                              :
The COUNTY OF SUFFOLK, and the                :
SUFFOLK COUNTY POLICE DEPT.,                  :
                                              :
and the TOWNSHIP OF ISLIP, and                :         **_VERIFICATION_**
SGT. GEORGE E. HODGE, III., P.O.              :
CHRISTOPHER VERWYS (Sh #5459),                :
LT. JAMES M. FIEL, & MR. JOSEPH               :
MANDANISI, MR. JOHN SCHIMECA,                 :
AMIEE PRESS, DENNIS McHUGH, &                 :
JOSHUA S. SHAPIRO, and THOMAS J.              :
SPOTA, III, ESQ., all named individuals       :
in their capacities as both State Actors      :
and also in their Individual Capacities,      :
                              D e f e n d a n t s .   :

-------------------------------------------------------x

STATE OF NEW YORK, COUNTY OF SUFFOLK

     WESLEY EVANS MARTIN, being duly sworn, does depose
     and say and affirm the following :

     THAT DEPONENT is the affirmant and plaintiff and complainant
     in the herein-above captioned and indexed action; and that he has
     read and/or heard the foregoing VERIFIED COMPLAINT, and that
     He knows the contents thereof; and that same is true to the knowledge
     of the deponent upon information and belief, and otherwise upon the
     penalty of perjury, and that, of all these matters your deponent verily
     believes them to be true.

Sworn to and subscribed before me
on this 10th day of April, 2013, .

_Edel M Halt_

Notary Public
Reg. 02 G06269083          - 30 -
Qualified in Suffolk County
My Commission Expires
08/27/2416

WESLEY EVANS MARTIN
Plaintiff/Deponent/Complainant
Post Office Box 216,
Islip Terrace, New York 11752
Telephone : 631.948.5731

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------x

WESLEY EVANS MARTIN,                       :

              **Plaintiff(s),** :

  **- a g a i n s t -**                       :

                                  :

**The COUNTY OF SUFFOLK, and the**         :
**SUFFOLK COUNTY POLICE DEPT.,**            :

**and the TOWNSHIP OF ISLIP, and**         :
**SGT. GEORGE E. HODGE, III., P.O.**       :
**CHRISTOPHER VERWYS (Sh #5459),**          :
**LT. JAMES M. FIEL, & MR. JOSEPH**         :
**MANDANISI, MR. JOHN SCHIMECA,**           :
**AMIEE PRESS, DENNIS McHUGH, &**           :
**JOSHUA S. SHAPIRO, and THOMAS J.** :
**SPOTA, III, ESQ., all named individuals** :
**in their capacities as both State Actors** :
**and also in their Individual Capacities,** :
              **D e f e n d a n t s .** :

-------------------------------------------------------x

**CV 13 - _ _ _ _**

## *VERIFICATION*

STATE OF NEW YORK, COUNTY OF SUFFOLK

      WESLEY EVANS MARTIN, being duly sworn, does depose
and say and affirm the following :

      THAT DEPONENT is the affirmant and plaintiff and complainant
in the herein-above captioned and indexed action; and that he has
read and/or heard the foregoing VERIFIED COMPLAINT, and that
He knows the contents thereof; and that same is true to the knowledge
of the deponent upon information and belief, and otherwise upon the
penalty of perjury, and that, of all these matters your deponent verily
believes them to be true.

Sworn to and subscribed before me
on this 10th day of April, 2013, . . .

                            WESLEY EVANS MARTIN
                            Plaintiff/Deponent/Complainant
                            Post Office Box 216,
                            Islip Terrace, New York 11752
                            Telephone : 631.948.5731

              - 30 -

Patrick F Young
Notary Public State of NY
# 01YO6022968 Qual Suffolk Co
Commission Expires Jan 24 2015