Wesley Evans Martin,

Plaintiff,

versus

The County of Suffolk, Suffolk County Police Department, Township of Islip, Sgt. George E. Hodge III, P.O. Christopher Verwys, Lt. James M. Fiel, Joseph Mandanisi, John Scimeca, Aimee Press, Dennis McHugh, Joshua S. Shapiro, and Thomas J. Spota III,

Defendants.
───────────────────

**MEMORANDUM AND ORDER**
March 26, 2014
───────────────────

Joseph F. Bianco, District Judge

Plaintiff Wesley Evans Martin ("Martin" or "plaintiff") brings this 42 U.S.C. § 1983 action against the Islip Defendants: Township of Islip ("the Township"), Joseph Mandanisi ("Mandanisi"), John Scimeca ("Scimeca"), Aimee Press ("Press"), and Dennis McHugh ("McHugh"); and the County Defendants: The County of Suffolk ("the County"), Suffolk County Police Department ("SCPD"), Sergeant George F. Hodge III ("Hodge"), Lieutenant James Fiel ("Fiel"), Joshua Shapiro "(Shapiro"), Thomas Spota ("Spota"), and Police Officer Christopher Verwys ("Verwys").[1] Plaintiff alleges that defendants violated his First, Fourth, Fifth, and Fourteenth Amendment rights in connection with his arrest and prosecution for obstructing governmental administration in the second degree, N.Y. Penal Law § 195.05. Plaintiff also brings state law claims for false arrest and malicious prosecution. Plaintiff was arraigned on the aforementioned charge in 2003, and a jury convicted him of the offense in 2009. On April 16, 2012, a state appellate court reversed the conviction and dismissed the indictment.

Presently before the Court are three motions to dismiss. The County Defendants move to dismiss the complaint with respect to Shapiro and Spota on the ground of absolute immunity, and they also argue that the County cannot be held liable for the district attorneys' prosecutorial acts. The Islip Defendants move to dismiss on the ground that there are no well-pleaded allegations against them. Plaintiff opposes. For the following reasons, the Court grants

---

[1] The individual defendants are named in their individual and official capacities.

the motion to dismiss the claims against Shapiro and Spota on grounds of absolute immunity, as well as the claims against the County of Suffolk to the extent that they are based on the acts of Shapiro and Spota. The Court does not grant leave to re-plead these claims because any amendment would be futile. The Court also grants the motion to dismiss the claims against defendants Scimeca, Press, and McHugh for failure to allege personal involvement in the alleged false arrest and malicious prosecution, as well as against the Town of Islip for failure to allege a plausible *Monell* claim, but with leave to re-plead. The Court denies the motion to dismiss as to Mandanisi.

I. BACKGROUND

The Court takes the following facts from the complaint and exhibits attached thereto. These are not findings of fact by the Court; instead, the Court assumes these facts to be true for purposes of deciding the pending motions and construes them in a light most favorable to plaintiff, the non-moving party.

A. Factual Background

On July 25, 2003, Rosanna Reilly, the property owner and landlord of a storefront building in Bay Shore, barricaded herself within the premises to avoid being served by McHugh with appearance tickets issued by Press and McHugh, two town investigators employed by Islip. (Complaint ¶¶ 31, 40.) Reilly also called Young and asked him to come to the property. (*Id.* ¶ 31.) Plaintiff arrived, stood on the public sidewalk directly in front of the building, and began to record the activity transpiring at the location. (*Id.* ¶ 39.) Shortly thereafter, Mandanisi, the Township's Deputy Commissioner of Code Enforcement,[2] arrived at the property after speaking with McHugh. (*Id.*) Mandanisi spoke with Verwys and Hodge and expressed his dismay with plaintiff's actions. (*Id.*) Hodge then instructed Verwys to arrest plaintiff for obstruction of governmental administration. (*Id.* ¶¶ 29, 37, 39.) Hodge said, "Lock him up . . . . OGA . . . ." (*Id.* ¶ 30.) Plaintiff was pushed to the sidewalk, handcuffed, and taken to the SCPD precinct in Bay Shore. (*Id.* ¶ 29.) Plaintiff was arraigned on charges of obstructing governmental administration in the second degree, was tried by jury six years later in November 2009 and convicted, and was sentenced on December 3, 2009. (*Id.* ¶ 32.) Shapiro was the eighth or ninth Suffolk County Assistant District Attorney assigned to the case. (*Id.* ¶ 41.) Plaintiff claims that Shapiro did not properly evaluate and analyze the indictment and should never have prosecuted plaintiff.[3] (*Id.* ¶ 42.)

Plaintiff appealed the conviction to the Appellate Division, Second Department, on April 1, 2011. (*Id.*) The Second Department reversed the conviction and dismissed the indictment on April 16, 2012. (Appellate Order, Complaint Ex. A.) The court noted that the evidence at trial established that Verwys had discovered that the owner of the commercial building had called 911 because code enforcement officers were attempting to serve her with summonses. Verwys tried to persuade the owner to open the door, and she refused. Martin subsequently arrived at the building and stood in the doorway while Verwys continued to attempt to persuade the owner to open the door. After Martin failed to comply with Verwys's requests to move aside, Martin was arrested and charged with

---

[2] Scimeca allegedly was the Commissioner of Islip Code Enforcement. (Complaint ¶ 16.)

[3] According to plaintiff, Shapiro interned in the Suffolk County District Attorney's Office and attended suppression hearings in the underlying criminal case in 2005. (Complaint ¶ 43.) Plaintiff claims Shapiro, thus, had access to the prosecution files and paperwork associated with the criminal case and was able to perform investigative and analytical duties as part of the "learning process." (*Id.*)

obstructing governmental administration. The Second Department reversed the conviction for insufficient evidence because (1) the owner had no legal obligation to open the door, and no exigent circumstances would have justified any forcible, warrantless entry; and (2) consequently, Martin's act of standing in the doorway did not obstruct, impair, or prevent the administration of any law or other governmental function, or prevent the police from performing an official function. (*Id.*) Spota's motion for reconsideration was summarily denied. (Complaint ¶ 33.)

B. Procedural Background

Plaintiff filed the complaint on April 10, 2013. Shapiro was served on April 23, 2013, and his answer was due May 14, 2013. The County Defendants moved for a pre-motion conference on May 16, 2013,[4] and filed their motion on June 19, 2013. Plaintiff opposed on July 16, 2013, and the County Defendants replied on August 2, 2013. Fiel and Hodge filed their answer on July 23, 2013. Fiel, Hodge, SCPD, the County, and Verwys filed an amended answer on August 15, 2013. Mandanisi, Press, Scimeca, and Islip moved to dismiss on September 9, 2013. Plaintiff opposed on October 7, 2013. McHugh filed his motion on November 5, 2013. Plaintiff opposed on December 4, 2013. The Islip Defendants never replied.

II. STANDARD OF REVIEW

In reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006); *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005). "In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege a plausible set of facts sufficient 'to raise a right to relief above the speculative level.'" *Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC*, 595 F.3d 86, 91 (2d Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This standard does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

The Supreme Court clarified the appropriate pleading standard in *Ashcroft v. Iqbal*, setting forth a two-pronged approach for courts deciding a motion to dismiss. 556 U.S. 662 (2009). The Supreme Court instructed district courts to first "identify[ ] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679 (explaining that though "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations"). Second, if a complaint contains "well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting and citing *Twombly*, 550 U.S. at 556–57 (internal citation omitted)).

Where, as here, the plaintiff proceeds *pro se*, courts are "'obliged to construe his pleadings liberally.'" *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d

---

[4] The other County Defendants were not served until July 3 and July 25, 2013. (*See* Docket No. 22.)

3

Cir. 2008) (quoting *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004)); *see also McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (stating that a pro se plaintiff's pleadings must be interpreted "to raise the strongest arguments that they suggest" (citation and internal quotation marks omitted)). A pro se plaintiff's complaint, while liberally interpreted, still must "'state a claim to relief that is plausible on its face.'" *Mancuso v. Hynes*, 379 F. App'x 60, 61 (2d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009).

In adjudicating these motions, the Court may consider: "(1) facts alleged in the complaint and documents attached to it or incorporated in it by reference, (2) documents 'integral' to the complaint and relied upon in it, even if not attached or incorporated by reference, (3) documents or information contained in defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it in framing the complaint, (4) public disclosure documents required by law to be, and that have been, filed with the Securities and Exchange Commission, and (5) facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence." *In re Merrill Lynch & Co.*, 273 F. Supp. 2d 351, 356–57 (S.D.N.Y. 2003).

### III. DISCUSSION

The Court separately addresses the County Defendants' motion and the Islip Defendants' motions.

#### A. The County Defendants' Motion to Dismiss

The County Defendants move to dismiss the claims for malicious prosecution against Shapiro and Spota and the derivative claim against the County. Plaintiff generally alleges that the named defendants "have engaged in a course of conduct . . . to deprive complainant of his civil rights as guaranteed to him under the New York State Constitution, and the Laws of New York State," by: unlawfully prosecuting him, systematically and knowingly engaging in the unlawful withholding of "Rosario" materials, secreting exculpatory witnesses, knowingly and intentionally violating their respective oaths of office and ignoring their lawful obligations in the bringing and maintaining of an unlawful prosecution, and demonstrating gross negligence in the bringing and maintenance of a criminal action against the complainant. (Complaint ¶ 36.) The County argues that Shapiro and Spota are absolutely immune from liability for these claims, that the claims are not well-pleaded, and that the County cannot be liable for the attorneys' prosecutorial acts.[5]

---

[5] The Court briefly addresses Shapiro's delay in requesting a pre-motion conference, and the County Defendants' failure to comply with Local Rule 7.2. (*See* Opp'n to County Defendants' Motion, at 3–6.) First, pursuant to the Court's Individual Motion Practice and Rules, "[s]ervice of the [pre-motion conference letter] by the moving party within the time requirements of FRCP 12 shall constitute timely service of a motion made pursuant to FRCP 12(b)." The County Defendants do not address the two-day delay, but the Court finds that there is no reason to disregard the motion and enter default in favor of plaintiff. As a threshold matter, plaintiff has not followed the procedural requirements for a default. In any event, the two-day delay was negligible, plaintiff has failed to demonstrate any prejudice suffered as a result of the delay, and there is a strong preference for resolving claims on the merits, especially where it is clear in the instant case that Shapiro is entitled to absolute immunity. *See Tellock v. Davis*, No. 02-CV-4311(FB), 2003 WL 22999199, at *2–3 (E.D.N.Y. Dec. 17, 2003) (denying application for default judgment or, in the alternative, to strike answer, where delay was minimal and no prejudice was demonstrated).

Second, Local Rule 7.2 states, in pertinent part, that "[i]n cases involving a pro se litigant, counsel shall, when serving a memorandum of law (or other submissions to the Court), provide the pro se litigant

4

Assuming *arguendo* that plaintiff adequately alleges malicious prosecution claims against Shapiro and Spota pursuant to Section 1983 and state law,[6] those claims are barred by absolute immunity. "It is by now well established that 'a state prosecuting attorney who acted within the scope of his duties in initiating and pursuing a criminal prosecution' 'is immune from a civil suit for damages under § 1983.'" *Shmueli v. City of New York*, 424 F.3d 231, 236 (2d Cir. 2005) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 410, 431 (1976)) (internal citation omitted); *see also Roche v. Vill. of Tarrytown*, 766 N.Y.S.2d 46, 47 (N.Y. App. Div. 2003) (state law absolute immunity). "Prosecutorial immunity from § 1983 liability is broadly defined, covering 'virtually all acts, regardless of motivation, associated with [the prosecutor's] function as an advocate.'" *Hill v. City of New York*, 45 F.3d 653, 661 (2d Cir. 1995) (quoting *Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994)). For example, in *Hill*, the Second Circuit held than an Assistant District Attorney's alleged acts of, inter alia, "conspiring to present falsified evidence to, and to withhold exculpatory evidence from, a grand jury" were "clearly protected by the doctrine of absolute immunity as all are part of his function as an advocate." *Id.* at 661; *see also Peay v. Ajello*, 470 F.3d 65, 67–68 (2d Cir. 2006) ("Plaintiff's claims against [his prosecutor], which encompass activities involving the initiation and pursuit of prosecution [including fabricating evidence used at trial, withholding exculpatory evidence, suborning perjury, and attempting to intimidate him into accepting a guilty plea], are foreclosed by absolute prosecutorial immunity, regardless of their alleged illegality."). Thus, "[i]t is well-settled that prosecutors performing prosecutorial activities that are 'intimately associated with the judicial phase of the criminal process' are entitled to absolute immunity from an action for damages under

---

(but not other counsel or the Court) with copies of cases and other authorities cited therein that are unpublished or reported exclusively on computerized databases." Having reviewed the parties' submissions, the Court, in its discretion, excuses the County Defendants' omission of the one unpublished case in its moving papers. *See Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 73 (2d Cir. 2001) ("A district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules."). That case, *Deronette v. City of New York*, No. 05 CV 5275(SJ), 2007 WL 951925 (E.D.N.Y. Mar. 27, 2007), was cited once, was not material to the motion, and is not material to the Court's decision. There is no evidence that the omission prejudiced plaintiff, who comprehensively addressed the County Defendants' arguments in his opposition. *See Milner v. City of New York*, No. 10-CV-9384, 2012 WL 3138199 (S.D.N.Y. Aug. 2, 2012) (excusing failure to comply with rules because there was no prejudice).

[6] "Because there are no federal rules of decision for adjudicating § 1983 actions that are based upon claims of malicious prosecution, courts are required by 42 U.S.C. § 1988 to turn to state law for such rules." *Alicea v. City of New York*, No. 04–CV–1243, 2005 WL 3071274, at *6 (S.D.N.Y. Nov. 15, 2005) (citation and internal quotation marks omitted). "'A malicious prosecution claim under New York law requires the plaintiff to prove (1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions.'" *Blake v. Race*, 487 F. Supp. 2d 187, 211 (E.D.N.Y. 2007) (quoting *Jocks v. Tavernier*, 316 F.3d 128, 136 (2d Cir. 2003) (internal quotation marks omitted)). In addition to the state law elements of malicious prosecution, "[t]o sustain a § 1983 malicious prosecution claim, there must be a seizure or other 'perversion of proper legal procedures' implicating the claimant's personal liberty and privacy interests under the Fourth Amendment." *Washington v. Cnty. of Rockland*, 373 F.3d 310, 316 (2d Cir. 2004) (quoting *Singer v. Fulton Cnty. Sheriff*, 63 F.3d 110, 117 (2d Cir. 1995)). Although Shapiro and Spota argue that the malicious prosecution claim is inadequately pleaded against them, the Court need not resolve this issue in light of its holding that they are protected by absolute immunity.

§ 1983." *Ying Jing Gan v. City of New York*, 996 F.2d 522, 530 (2d Cir. 1993) (quoting *Imbler*, 424 U.S. at 430); *see Anilao v. Spota*, 774 F. Supp. 2d 457, 476–78 (E.D.N.Y. 2011) (detailing standard). Prosecutors do not enjoy absolute immunity, however, for "those aspects of the prosecutor's responsibility that cast him in the role of an administrator or investigative officer rather than that of advocate." *Imbler*, 424 U.S. at 430–31.

Plaintiff alleges that Spota unsuccessfully moved for reconsideration of the reversal of the conviction. (*See* Complaint ¶ 33.) Shapiro, meanwhile, presented the underlying criminal case to the jury. (*See id.* ¶¶ 41–42.) These actions, as well as any other alleged actions by Shapiro and Spota in connection with the pending case, fall squarely within the scope of the district attorneys' prosecutorial capacity, and nothing implies that they acted beyond their role as advocate. *See Imbler*, 424 U.S. at 430–31. Plaintiff also alleges that Shapiro, while an intern, was an "observer and student" of the *Huntley* hearing related to plaintiff's case. (*See* Complaint ¶ 44.) Such allegations, however, do not state a plausible constitutional claim against Shapiro. In addition, to the extent plaintiff also states in a conclusory and speculative manner that Shapiro was an "investigative intern" at that time, such a vague and conclusory allegation is not sufficient to state a plausible claim that he violated plaintiff's constitutional rights as an intern (or, if he did, that he was operating outside the scope of absolute immunity). In fact, it is clear that any involvement by Shapiro as an intern in the hearing would have been in connection with the prosecution that was already pending, not an investigation, and thus he would have been standing in the shoes of a prosecutor. *See, e.g.*, *Safouane v. Fleck*, 226 F. App'x 753, 762 (9th Cir. 2007) ("Absolute immunity attaches to prosecutors and to other officers standing in their shoes for performing the traditional function of prosecutors. . . ."). In short, there are no plausible allegations that Shapiro had any connection with or influence upon plaintiff's initial arrest, much less that Shapiro, as an intern, did more than assist "in preparing for the initiation of judicial proceedings or for trial." *Smith v. Garretto*, 147 F.3d 91, 94 (2d Cir. 1998).

To the extent plaintiff also argues in his opposition that absolute immunity is unavailable to Shapiro and Spota because they were operating without jurisdiction in connection with his prosecution, the Court disagrees. It is clear that a prosecutor may lose absolute immunity even for acts performed in her role as an advocate if the prosecutor acts in the "clear absence of all jurisdiction" or "without any colorable claim of authority." *Barr v. Abrams*, 810 F.2d 358, 361 (2d Cir. 1987). In determining whether a prosecutor has acted beyond the scope of any colorable authority in such a manner, "a court will begin by considering whether relevant statutes authorize prosecution for the charged conduct. If they do not, absolute immunity must be denied." *Bernard v. Cnty. of Suffolk*, 356 F.3d 495, 504 (2d Cir. 2004) (citation omitted). However, "if the laws do authorize prosecution for the charged crimes, a court will further consider whether the defendant has intertwined his exercise of authorized prosecutorial discretion with other, unauthorized conduct," including tying the exercise of the discretion "to an unauthorized demand for a bribe, sexual favors, or the defendant's performance of a religious act." *Id.* Ultimately, a prosecutor "will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump v.*

6

*Sparkman*, 435 U.S. 349, 356–57 (1978) (citation omitted).[7]

In the instant case, it is clear that, although the conviction was reversed, the prosecutors were not operating in the clear absence of jurisdiction in connection with the prosecution of plaintiff. Prosecutors have the authority in New York to prosecute for obstructing governmental administration under N.Y. Penal Law § 195.05. Moreover, contrary to plaintiff's suggestion in his opposition, the Second Department did not conclude that the prosecutors lacked jurisdiction to bring charges under that statute; rather, the court concluded that the evidence was "legally insufficient" to establish guilt in plaintiff's case for the reasons discussed in that opinion. Therefore, this is not a case that provides an exception to the doctrine of absolute immunity in connection with the prosecution of the case against plaintiff. *See generally Anilao*, 774 F. Supp. 2d at 485–90 (discussing law and collecting cases). Accordingly, plaintiff's claims against Shapiro and Spota are barred by absolute prosecutorial immunity and are dismissed with prejudice.

Similarly, to the extent plaintiff asserts claims against the County based upon Shapiro's and Spota's acts, dismissal of those portions of the claims against the County is warranted because the district attorney represents the state, and not the county. In other words, a county cannot be liable for the acts of a district attorney related to the decision to prosecute or not prosecute an individual. *See Myers v. Cnty. of Orange*, 157 F.3d 66, 77 (2d Cir. 1998); *see also Pinaud v. Cnty. of Suffolk*, 52 F.3d 1139, 1154 n.15 (2d Cir. 1995) (noting case law suggesting that, because a district attorney represents the state, not the county, when prosecuting a criminal matter, "a plaintiff simply cannot state a § 1983 malicious prosecution claim against a New York county based upon the actions of district attorneys in bringing a prosecution" (citing *Walker v. City of New York*, 974 F.2d 293, 301 (2d Cir. 1992); *Baez v. Hennessy*, 853 F.2d 73, 77 (2d Cir. 1988))); *Roche*, 766 N.Y.S.2d at 47 ("The Supreme Court . . . properly awarded summary judgment to the defendant County, as it cannot be held liable for the alleged malicious prosecution by its District Attorney's office."). Accordingly, the claims against the County are dismissed with prejudice to the extent they are based on Shapiro's and Spota's alleged conduct.

B. The Islip Defendants' Motion to Dismiss

The Islip Defendants move to dismiss on the grounds that plaintiff has failed to plead sufficient allegations to state a plausible claim against them. As set forth below, the Court disagrees with respect to defendant Mandanisi and concludes that plaintiff has stated a plausible Section 1983 claim against him for false arrest and malicious prosecution that survives a motion to dismiss. With respect to the remaining Islip Defendants, the Court concludes that plaintiff has failed to allege sufficient facts to state a plausible claim. However, as discussed *infra*, the Court grants leave to re-plead to give plaintiff an opportunity to correct these pleading defects.

To state a claim under Section 1983, a plaintiff must "'allege that (1) the

---

[7] Although *Stump* involved judicial, rather than prosecutorial, immunity, the Court notes that the concepts underlying the two doctrines are the same. *See Barr*, 810 F.2d at 361 (applying *Stump* to issue of prosecutorial immunity and explaining that "[s]ince it is well settled that the immunity of prosecutors is based on the same considerations that underlie the immunity of judges, and since there is no functional basis for according a greater degree of protection to prosecutors than to judges, a dissimilar standard would be incongruous" (internal citations omitted)).

challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States.'" *Rae v. Cnty. of Suffolk*, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (quoting *Snider v. Dylag*, 188 F.3d 51, 53 (2d Cir. 1999)). Section 1983 does not create any independent substantive right, but rather is a vehicle to "redress . . . the deprivation of [federal] rights established elsewhere." *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999); *see also Rosa R. v. Connelly*, 889 F.2d 435, 440 (2d Cir. 1989). In addition, to state a claim for relief under Section 1983, the plaintiff must allege the personal involvement of a defendant in the purported constitutional deprivation. *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010) (quoting *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006)). "An individual cannot be held liable for damages under § 1983 'merely because he held a high position of authority.'" *Back v. Hastings on Hudson Union Free Sch. Dist.*, 365 F.3d 107, 127 (2d Cir. 2004) (quoting *Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996)). A complaint based upon a violation under Section 1983 that does not allege the personal involvement of a defendant fails as a matter of law. *See Johnson v. Barney*, 360 F. App'x 199 (2d Cir. 2010).

In the instant case, plaintiff has alleged a plausible conspiracy claim under Section 1983 for false arrest and malicious prosecution against Mandanisi. "In order to survive a motion to dismiss on a § 1983 conspiracy claim, the plaintiff must allege (1) an agreement between two or more state actors, (2) concerted acts to inflict an unconstitutional injury, and (3) an overt act in furtherance of the goal." *Carmody v. City of New York*, No. 05-CV8084 (HB), 2006 WL 1283125, at*5 (S.D.N.Y. May 11, 2006) (citing *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 324–35 (2d Cir. 2002)). Vague and conclusory allegations that defendants have engaged in a conspiracy must be dismissed. *See Ciambriello*, 292 F.3d at 325 (dismissing conspiracy allegations where they were found "strictly conclusory"); *Robbins v. Cloutier*, 121 F. App'x 423, 425 (2d Cir. 2005) (dismissing a Section 1983 conspiracy claim as insufficient where plaintiff merely alleged that defendants "acted in a concerted effort" to agree "not to hire [p]laintiff and to inform others not to hire plaintiff"). "A plaintiff is not required to list the place and date of defendant[']s meetings and the summary of their conversations when he pleads conspiracy, . . . but the pleadings must present facts tending to show agreement and concerted action." *Fisk v. Letterman*, 401 F. Supp. 2d 362, 376 (S.D.N.Y. 2005) (report and recommendation), *accepted in part and rejected in part by* 401 F. Supp. 2d 362 (S.D.N.Y. 2005) (citations and quotations omitted).

Although defendants argue that the allegations are conclusory and vague as to Mandanisi, the Court disagrees. Plaintiff specifically alleges that he was "seized [by Officers Hodge and Verwys] in conjunction with and in complicity with the intervention and involvement of State Actor DEFENDANT JOSEPH MANDANISI, each of them there personally present at that time and place of the incident location." (Complaint ¶ 30.) He further alleges how that complicity and intervention occurred. In particular, he alleges, in substance, that he was lawfully standing on the sidewalk with his camera as town investigators Press and McHugh tried to serve tickets on Ms. Reilly, when Mandanisi arrived and spoke to the police. (*See id*. ¶¶ 31, 39.) Plaintiff further alleges that, after Mananisi spoke to the police, they cleared the area by arresting him, without any legal justification

whatsoever. (*See id.*) Accepting the allegations as true and drawing all reasonable inferences in plaintiff's favor, the Court concludes that these allegations, combined with the other allegations in the complaint (and documents attached to the complaint) are sufficient to state a plausible conspiracy claim under Section 1983 between Mandanisi and the police.

However, as to the other individual defendants, there currently are insufficient facts in the complaint to state a plausible claim against them that satisfies the *Iqbal*/*Twombly* standard. There are no allegations against Scimeca in the complaint. (*See generally id.*) The only allegations against Hugh and Press are that Press signed the three appearance tickets and Hugh attempted to serve them on the owner of the property where plaintiff was arrested. (*Id.* ¶ 40.) There are no allegations that McHugh or Press ever interacted with plaintiff or the SCPD. Given the lack of any specific allegations that these individuals interacted with plaintiff and/or the police on that date in question, there are insufficient allegations of any personal involvement by them as to unconstitutional arrest or malicious prosecution of plaintiff by the County Defendants. In short, as to these defendants, there are no well-pleaded factual allegations that would allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Thus, the Court dismisses the claims against these individual defendants (Scimeca, Hugh, Press), but with leave to re-plead to give plaintiff an opportunity to correct this defect, if he wishes.

Similarly, the *Monell* claim against the Town of Islip must be dismissed. It is well-established that "a municipal entity may only be held liable where the entity itself commits a wrong; 'a municipality cannot be held liable under § 1983 on a *respondeat superior* theory.'" *Pooler v. Hempstead Police Dep't*, 897 F. Supp. 2d 12, 20–21 (E.D.N.Y. 2012) (citing *Monell v. Dep't of Social Serv. of the City of N.Y.*, 436 U.S. 658, 691 (1978)); *see also Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006) ("*Monell* does not provide a separate cause of action for the failure by the government to train its employees; it extends liability to a municipal organization where that organization's failure to train, or the policies or customs that it has sanctioned, led to an independent constitutional violation."); *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995) ("A municipality may not be held liable in an action under 42 U.S.C. § 1983 for actions alleged to be unconstitutional by its employees below the policymaking level solely on the basis of *respondeat superior*."); *Vippolis v. Haverstraw*, 768 F.2d 40, 44 (2d Cir. 1985) ("A plaintiff who seeks to hold a municipality liable in damages under section 1983 must prove that the municipality was, in the language of the statute, the 'person who . . . subjected, or cause[d] [him] to be subjected,' to the deprivation of his constitutional rights." (quoting 42 U.S.C. § 1983)). Accordingly, given that plaintiff made no allegations of a municipal policy, practice or custom in his complaint against the Town of Islip, he has failed to allege a plausible Section 1983 claim against the Town of Islip, and that claim is dismissed.[8]

---

[8] The state claim against the Town of Islip can proceed because, unlike under Section 1983, the Town may be held vicariously liable under state law for the alleged unconstitutional acts of its employees, such as defendant Mandanisi. *See, e.g.*, *L.B. v. Town of Chester*, 232 F. Supp. 2d 227, 239 (S.D.N.Y. 2002) ("Unlike cases brought under § 1983, municipalities may be liable for the common law torts, like false arrest and malicious prosecution, committed by their employees under the doctrine of *respondeat superior*.").

However, the Court will give plaintiff leave to re-plead the Section 1983 claim against the Town of Islip.[9]

Accordingly, the Court grants the motions to dismiss the individual Islip Defendants, except defendant Mandanisi, without prejudice. The *Monell* against the Township is dismissed without prejudice, as well. *See Roe*, 542 F.3d at 36.

## IV. LEAVE TO RE-PLEAD

In light of the pleading deficiencies noted above, the Court has considered whether plaintiff should be given an opportunity to re-plead. "Leave to amend should be freely granted, but the district court has the discretion to deny leave if there is a good reason for it, such as futility, bad faith, undue delay, or undue prejudice to the opposing party." *Jin v. Metro. Life Ins. Co.*, 310 F.3d 84, 101 (2d Cir. 2002); *see Local 802, Assoc. Musicians of Greater N.Y. v. Parker Meridien Hotel*, 145 F.3d 85, 89 (2d Cir. 1998) (finding that leave to amend may be denied based upon the "futility of amendment"). As to futility, "leave to amend will be denied as futile only if the proposed new claim cannot withstand a 12(b)(6) motion to dismiss for failure to state a claim, *i.e.*, if it appears beyond doubt that the plaintiff[s] can plead no set of facts that would entitle [them] to relief." *Milanese v. Rust–Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001) (citing *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991)). The Second Circuit has emphasized that a "court should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citations and internal quotation marks omitted).

As discussed *supra*, based on the allegations in the complaint, the Court is unable to determine (1) whether defendants Scimeca, Press, and McHugh were personally involved in the alleged constitutional deprivation; and (2) whether plaintiff has a plausible *Monell* claim against the Town of Islip. Accordingly, the Court affords plaintiff leave to re-plead the substance of his Section 1983 claim against defendants Scimeca, Press, and McHugh, as well as his *Monell* claim against the Town of Islip. In so doing, plaintiff must attempt to plead how the individuals were personally involved in the alleged deprivation of plaintiff's constitutional rights, and what municipal custom or policy the Town maintains that subjects it to *Monell* liability.

For the reasons discussed above, the claims against defendants Shapiro and Spota must be dismissed on grounds of absolute immunity (as well as any claims against Suffolk County based upon their alleged acts). Given the allegations in the complaint, it is clear that their only involvement was in the prosecution and, thus, any attempt to re-plead those particular claims would be futile. *See Cuoco*, 222 F.3d at 112 ("The problem with [plaintiff's] causes of action is substantive; better pleading will not cure it.

---

[9] Although the County did not specifically make a similar argument under *Monell* in its brief, to the extent their papers could be construed to make such an argument, the Court concludes that plaintiff has stated a plausible *Monell* claim against the County. In particular, plaintiff attaches to his complaint the pleading from another lawsuit in this Court (*Datx v. Milton*) by a photojournalist in which it is alleged that the photojournalist was unlawfully arrested and charged with obstructing government administration for filming Suffolk County police activity in a public place. (*See* Complaint Ex. D.) Plaintiff also alleges that Hodge has been involved in other unlawful arrests without probable cause. (*See* Complaint ¶ 38.) Thus, the allegations in the complaint and documents attached to the complaint are sufficient to plausibly allege a pattern and practice under *Monell* against Suffolk County as it relates to the police officer's alleged unconstitutional conduct.

Repleading would thus be futile. Such a futile request to replead should be denied."); *see also Hayden v. Cnty. of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999) (holding that if a plaintiff cannot demonstrates he is able to amend her complaint "in a manner which would survive dismissal, opportunity to replead is rightfully denied."). Plaintiff, therefore, is not afforded leave to re-plead those claims.

V. CONCLUSION

For the foregoing reasons, the Court grants the motion to dismiss the claims against Shapiro, Spota, and the portion of the Section 1983 claim against Suffolk County (that is based upon the conduct of Shapiro and Spota), with prejudice. The Court denies the motion to dismiss the portion of the Section 1983 claim against Suffolk County under *Monell* in connection with the alleged actions of defendants Hodge and Fiel. The Court also denies the motion to dismiss the claims against Mandanisi. The Court grants the motion to dismiss the federal claim against the Town of Islip, as well as the claims against Scimeca, Press, and McHugh, but with leave to re-plead. Any amended pleading must be filed by the plaintiff by April 30, 2014.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: March 26, 2014
Central Islip, NY

\*\*\*

Plaintiff proceeds *pro se*. The County Defendants are represented by Megan E. O'Donnell and Susan A. Flynn of the Suffolk county Attorney's Office, H. Lee Dennison Building, 100 Veterans Memorial Highway, Hauppague, NY 11788. The Islip Defendants are represented by Peter J. Creedon of Creedon & Gill, P.C., 24 Woodbine Avenue, Suite 14, Northport, NY 11768.